# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

In Re: Scott C. Dorman )
Attorney at Law, Bar No. 13108 )
                            )
                            )
                            )
                            )
                            )
_____ )

Case No.: 2:18-cv-00001-GMN

**ORDER OF SUSPENSION**

On December 11, 2018, a status conference was held to determine whether Scott C. Dorman ("Mr. Dorman") should be reciprocally disciplined in this Court. (Min. Order, ECF No. 19). Mr. Dorman failed to appear at the status conference. (*Id.*). For the reasons discussed below, the Court hereby **SUSPENDS** Mr. Dorman from practice in the United States District Court, District of Nevada.

A federal court imposes reciprocal discipline on a member of its bar when it determines that the state's disciplinary adjudication was proper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). However, the Court will not apply reciprocal discipline if, based on an independent review of the record, the previous adjudication reveals: (1) a deprivation of due process; (2) insufficient proof of misconduct; or (3) a grave injustice that would result from the imposition of such discipline. *Id.* (citing *Selling v. Radford*, 243 U.S. 46, 50–51 (1917)). The respondent-attorney bears the burden in demonstrating, by clear and convincing evidence, that the Court should preclude discipline due to one of these infringements. *Id.*; L.R. IA 11-7(e)(3) (Local Rule reflecting this standard); *see In re Calvo*, 88 F.3d 962, 967 (11th Cir. 1996).

Moreover, in reviewing reciprocal discipline, the Court does not "re-try an attorney for misconduct," but instead inquires "only whether the punishment imposed by another disciplinary authority or court was so ill-fitted to an attorney's adjudicated misconduct that

reciprocal [discipline] would result in grave injustice." *In re Kramer*, 282 F.3d at 727. Federal district courts may review a state court's decision and disciplinary proceeding "if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court." *In re Kramer*, 193 F.3d 1131, 1133 (9th Cir. 1999).

In September 2017, the North Carolina State Bar disbarred Mr. Dorman. (Order of Discipline at 1, Ex. 1 to Order to Show Cause ("OSC"), ECF No. 1).[1] On November 28, 2017, the Court entered an Order to Show Cause which provided Mr. Dorman with thirty days to respond with reasons why this Court should not enter an order of disbarment.[2] (OSC 1:11–14). On July 2, 2018, Mr. Dorman filed his Response, arguing that the "procedure used in North Carolina disbarring [him] was so lacking in opportunity to be heard that it constituted a deprivation of due process that this Court should not accept as final the North Carolina disbarment on the subject of misconduct." (Resp. 2:3–6, ECF No. 11).

On August 13, 2018, a Show Cause hearing was held to determine whether Mr. Dorman should be reciprocally disbarred in this Court. (Mins. of Proceedings, ECF No. 17). At the hearing, Mr. Dorman stated that he was assisting attorney Dan Winder ("Mr. Winder") with three cases.[3] (*Id.*). Mr. Dorman indicated that he intended to leave the practice of law and had plans to move out of the state of Nevada. (*Id.*). Mr. Dorman requested that the Court continue this matter until December 2018. (*See id.*). The Court set a status conference for December 7, 2018, and indicated to Mr. Dorman that the conference would be vacated if he filed a notice withdrawing his Response and voluntarily surrendered his license before that date. (*See id.*). In

---

[1] Local Rule IA 11-7(c) requires attorneys admitted to practice in this Court to "immediately inform the clerk" if they are subjected to professional disciplinary action in another jurisdiction. L.R. IA 11-7(c). Here, Mr. Dorman failed to inform the Court of his North Carolina disbarment. As such, Mr. Dorman's conduct, or lack thereof, constitutes a violation of Local Rule IA 11-7(c).

[2] Mr. Dorman filed four requests to extend time to file a response, (ECF Nos. 2, 6, 7, 9), which the Court granted, (ECF Nos. 5, 8, 10).

[3] The cases include 2:17-cv-2102-APG-VCF, 3:15-cv-472-RCJ-VPC, and 3:16-cv-164-MMD-WGC. (Mins. of Proceedings, ECF No. 17).

the interim, the Court permitted Mr. Dorman to continue assisting Mr. Winder, but only with the three cases previously identified, and no others. (*Id.*).

On October 18, 2018, prior to the December status conference, the Nevada Supreme Court entered an order addressing Mr. Dorman's North Carolina disbarment. *In re Discipline of Dorman*, No. 75884 (Nev. Oct. 18, 2018). In its order, the court declined to impose reciprocal discipline, finding that disbarment in Nevada is not equivalent to disbarment in North Carolina. *Id.* at 2. The court explained that while disbarment in Nevada is irrevocable, North Carolina allows disbarred attorneys to seek reinstatement after five years. *Id.* As such, the Nevada Supreme Court concluded that suspension was more appropriate than disbarment. *Id.* The court therefore imposed a five-year suspension on Mr. Dorman. *Id.*

On November 20, 2018, the Court issued a Minute Order continuing the December 7, 2018 status conference to December 11, 2018. (Min. Order, ECF No. 18). On December 11, 2018, Mr. Dorman failed to appear at the status conference. (Min. Order, ECF No. 19).

After conducting an independent review of the record, the Court finds that Mr. Dorman has failed to establish, by clear and convincing evidence, that the North Carolina proceeding "was so lacking in opportunity to be heard as to constitute a deprivation of due process." L.R. IA 11-7(e)(3). However, the Court will not disbar Mr. Dorman. As noted by the Nevada Supreme Court in its October 18, 2018 order, disbarment in Nevada is irrevocable, and therefore not equivalent to disbarment in North Carolina. As such, suspension is more appropriate.

///

///

Accordingly,

**IT IS HEREBY ORDERED** that Scott C. Dorman, Nevada Bar No. 13108, is **SUSPENDED** from the practice of law before the United States District Court, District of Nevada.[4]

**DATED** this __28__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[4] Should Mr. Dorman have his license reinstated in North Carolina and Nevada, he may petition this Court to be readmitted to practice.